

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AHRON BRAUN;
   *Plaintiff,*

Case No. <u>1:12-cv-05256-LAP</u>

-v-

CLIENT SERVICES, INC.;
   *Defendant,*

TRIAL BY JURY DEMANDED

-------------------------------------------------------------x

## AMENDED VERIFIED COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 2201, 15 U.S.C. § 1691(A) *et seq.*

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Ahron Braun, (hereinafter "Plaintiff") who is a natural person and at all times relevant herein was a resident of Orange County, New York, and is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c).

4. The Defendant in this lawsuit is CLIENT SERVICES, INC. (hereinafter "Defendant") an unknown entity with offices at 3451 S. Harry Truman Blvd., Saint Charles, MO 63301, and is a furnisher of consumer information to consumer reporting agencies 15 U.S.C. § 1681s-2.

### VENUE

5. The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff received his Experian consumer credit report and found entries by an entity that he was unfamiliar with in his credit report.

8. Plaintiff discovered after examination of his Experian credit report that the Defendant had obtained Plaintiff's Experian credit report on May 4, 2010.

9. On or about May 1, 2012, Plaintiff mailed a letter to the Defendant and requested a demand to show proof as to what permissible purpose they may have had in obtaining the Plaintiff's credit report, and if they fail to do so that the inquiries on Plaintiff's credit report should be removed, and also informed them that Plaintiff never incurred any financial obligation with them.

10. Upon Plaintiff's request for deletion, Defendant failed to respond with any reason as to why, and where, they may have had permissible purpose to obtain the Plaintiff's consumer credit report.

11. On or about May 9, 2012, Plaintiff mailed a dispute letter to Experian and informed them that Plaintiff never gave permission for the Defendant to obtain his credit report and requested that Experian should verify and remove the erroneous inquiries from his credit file.

12. Experian failed to respond as to what permissible purpose the Defendant may have had to obtain Plaintiff's consumer credit report.

13. On or about June 11, 2012 Plaintiff mailed a **Notice of Pending Lawsuit** to Defendant this was an effort to mitigate damages and reach a settlement for their FCRA violations in obtaining Plaintiff's credit report and that they are subject to a $1000 fine each time a violation was done.

14. In addition, to cease violating Federal and State law at Plaintiff's expense, before taking civil action against them. Defendant failed to respond to Plaintiff's Notice.

15. Discovery of violation brought forth herein is still within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT CLIENT SERVICES, INC.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

18. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

19. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

20. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

21. Such permissible purposes as defined by (FCRA) 15 U.S.C. § 1681b has limited circumstances granting permissible purpose under section 1681(b) generally if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

22. Plaintiff has never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide firm offer of credit from the Defendant, did not owe any debt, was not named as an "authorized user" on any account, did not applied for any license or other benefit, that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

23. On May 4, 2010 Defendant obtained the Plaintiff's Experian consumer credit report with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b as there was no account and/or debt which gave it a permissible purpose to legitimately obtain his private credit report.

24. Plaintiff did not at any time give his consent to Defendant, to obtain his consumer credit report

3

from any credit reporting agency.

25. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

26. The Defendant willfully, intentionally, recklessly, and/or negligently violated the provisions of the FCRA by using false pretenses or knowingly in obtaining the Plaintiff's consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b(f).

27. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and lowering of credit lines, and having to pay higher auto insurance premiums.

28. With no permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

29. In the alternative, Defendant's conduct was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

30. The action of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

31. In an attempt to mitigate damages and to reach a settlement with the Defendant for its FCRA violations in obtaining Plaintiff's credit report, Plaintiff on June 11, 2012 mailed a Notice of Intent to Sue before filing this action. Defendant never engaged the Plaintiff in settlement discussions; therefore Plaintiff had no choice but to seek damages in this honorable court.

32. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain

if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

33. Intentionally failing to provide Plaintiff with a statement that the consumer reporting agency from which it obtained a consumer report did not make the adverse action and is unable to provide the consumer with the specific reason why the adverse action was taken.

34. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for statutory damages against Defendant in the amount of $1000.00 attorney's fees, and court costs, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.*
2. Other fees and costs pursuant to 15 U.S.C. § 1681, *et seq.* against Defendant;
3. Such other and further relief as may be just and proper.

Plaintiff reserves the right to amend complaint if the Defendant continues to violate sections of the Fair Credit Reporting Act after the date of the filing of this complaint.

## DEMAND FOR TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 22, 2012                    Respectfully Submitted,

By: _____
Ahron Braun
4 Mountain Road Unit 205
Monroe, NY 10950
ip84510950@gmail.com

## CERTIFICATION & AFFIRMATION OF SERVICE

I Ahron Braun hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing Amended Complaint was mailed on August 22, 2012, thru the U.S. Mail to the parties listed below.

Counsel for Defendant,
**Gregory Raymond Saracino**
**Milber Makris Plousadis & Seiden, LLP**
**3 Barker Avenue 6th Floor**
**White Plains, NY 10601**
Certified Receipt #  7011 2970 0003 5227 7388

Dated: August 22, 2012

By: _____
Ahron Braun

6