UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AHRON BRAUN,

                                                                            Case No. 12 Civ. 5256 (KMK)

               Plaintiff,

   -against-

CLIENT SERVICES, INC.,

               Defendant.
------------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
3 Barker Avenue, 6th Floor
White Plains, New York 10601
(914) 681-8700

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ……………………………………............................ 2

FACTUAL BACKGROUND ……………………………………..…………..…... 2

LEGAL ARGUMENT …………………………………………….………………. 3

    **Point I**    Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)……… 3

    **Point II**    Plaintiff's Amended Complaint Fails to Allege Facts Sufficient to Support a Claim Under The FCRA ……………………………………………...…. 3

        A. Plaintiff fails to allege facts to show that defendant willfully violated the FCRA …... 4

        B. Plaintiff fails to allege facts to show that defendant negligently violated the FCRA ... 5

        C. Plaintiff fails to allege facts to show that he sustained actual damages ……………… 6

CONCLUSION ………………………………………………………………….…… 6

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of defendant Client Services, Inc. ("Client Services") in support of the instant motion seeking an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") dismissing the Amended Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted, and granting such other and further relief as this Court may deem just and proper.

Plaintiff claims that Client Services violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by willfully and/or negligently obtaining his Experian consumer credit report without a permissible purpose. However, plaintiff's claims must be dismissed because the Amended Complaint fails to state sufficient facts to reasonably infer that Client Services acted willfully or negligently when it allegedly violated the FCRA. Furthermore, the Amended Complaint fails to allege sufficient facts to demonstrate actual damages. Plaintiff's factual allegations are conclusory assertions that do not meet the plausibility threshold under FRCP 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff alleges that on May 4, 2010, defendant Client Services obtained plaintiff's Experian consumer credit report without a permissible purpose[1] in violation of the FCRA, 15 U.S.C. § 1681b. Amended Complaint at ¶ 23. As a result of Client Services' acquisition of plaintiff's Experian credit report, plaintiff alleges that he suffered damages including a loss of credit and higher car insurance premiums. *Id.* at ¶ 27. He claims that Client Services conduct was "willful" and "reckless." *Id.* at ¶ 28. Alternatively, plaintiff claims that defendant was negligent

---

[1] Plaintiff claims that he "has never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide firm offer of credit from the Defendant, did not owe any debt, was not named as an 'authorized user' on any account, did not applied [sic] for any license or other benefit, that could claim to have permissible purpose to obtain his credit report as defined by FCRA." Amended Complaint at ¶ 22.

and that defendant "had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's credit report and Defendant breached said duty by failing to do so." *Id.* at ¶ 32. Plaintiff seeks $1,000 in damages. *Id.* at 5.

## LEGAL ARGUMENT

### POINT I

### STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint if the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Aschroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007). While the court will assume the asserted facts as true, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. To survive a F.R.C.P. 12(b)(6) motion to dismiss, the supporting facts alleged must be plausible. Id. at 556. Plaintiff is therefore required to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully." *Id*.

### POINT II

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM UNDER THE FCRA

Under the FCRA, a plaintiff must allege that the defendant obtained the plaintiff's credit report for an impermissible purpose. *See* 15 U.S.C. § 1681b *et seq.* Plaintiff must also allege that the FCRA violation was willful or negligent. *See id*. at §§ 1681n, 1681o. However, merely

pleading that defendant's actions were willful or negligent is insufficient to support a FCRA claim. Plaintiff is required to allege specific facts to demonstrate that defendant's actions were willful or negligent. See **Exhibit "B"**, Chief United States District Judge Loretta A. Preska, Order to Amend, at 2 (citing *Farkas v. RJM Acquisitions Funding, Inc.*, No. 12 Civ. 735 (ER); *Perl v. American Express*, No. 12 Civ. 4380 (ER) (S.D.N.Y. July 9, 2012)).

Clearly, and as noted by this court during the February 28, 2013 pre motion conference, the plaintiff did nothing to remedy the defects in the initial complaint, as ordered by Chief Judge Loretta A. Preska in her order dated August 7, 2012.

**A.**     **Plaintiff fails to allege facts to show that defendant *willfully* violated the FCRA**

Plaintiff asserts that defendant willfully, intentionally, and/or recklessly violated the FCRA. Amended Complaint at ¶¶ 26, 28, 30. Under the FCRA, "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n(a). A willful violation means that the defendant acted with knowledge or recklessness. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007) ("Where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well.").

Here, the Amended Complaint baldly asserts that defendant Claim Services acted willfully and/or recklessly without any supporting facts. Plaintiff's claims are therefore merely speculative and do not overcome the plausibility threshold as set forth in *Twombly*. *See* 550 U.S. at 547. Indeed the only facts that plaintiff sets forth are that Client Services obtained his credit report, did not respond to his letters, and that plaintiff did not sign any contracts or have any business dealings with Client Services. Amended Complaint at 2-3. These facts do not speak to defendant's state of mind and are insufficient to reasonably infer that Client Services obtained

plaintiff's credit report in knowing or reckless violation of the FCRA. Plaintiff's accusations that Client Services willfully violated the FCRA are therefore conclusory and should be dismissed as a matter of law.

**B.**     **Plaintiff fails to allege facts to show that defendant *negligently* violated the FCRA**

Plaintiff similarly asserts that defendant negligently violated the FCRA. Amended Complaint at ¶¶ 26, 29. Under the FCRA, "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681o(a). Plaintiff asserts that Client Services "had a duty . . . to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's credit report and Defendant breached said duty by failing to do so." Amended Complaint at ¶ 32.

However, as explained by Chief United States District Judge Loretta A. Preska in her Order to Amend the Complaint, "[a]llegations stating a violation of the FCRA, without more, are insufficient to establish the element of negligence, which Congress plainly intended to be an extra hurdle to liability under the FCRA." See **Exhibit "B"**, Order to Amend, Aug. 7, 2012 (citing Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 473 (2d Cir. 1995); Pietrafesa v. First American Real Estate Info. Servs., No. 05 Civ. 1450, 2007 WL 710197, at *3 (N.D.N.Y. Mar. 6, 2007) ("The fact that a consumer report is furnished for an impermissible purpose does not result in automatic liability. Liability is imposed only when the [defendant] either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e., § 1681b.") (internal punctuation omitted)).

As mentioned above, plaintiff only asserts that Client Services obtained his credit report, did not respond to his letters, and that plaintiff did not sign any contracts or have any business dealings with Client Services. Amended Complaint at 2-3. These facts do not discuss what, if

any, reasonable procedures Client Services should have followed to avoid the alleged FCRA violation. Once again, the facts in the Amended Complaint are insufficient to infer that defendant was negligent because they are conclusory and lack specificity. Therefore, the Amended Complaint should be dismissed as a matter of law.

C.    **Plaintiff fails to allege facts to show that he sustained actual damages**

To support a claim for negligent violation of the FCRA under section 15 U.S.C. § 1681o, plaintiff must sufficiently allege that he sustained actual damages. *See* Exhibit "B", Order to Amend, Aug. 7, 2012 (citing *Engel v. Scully & Scully, Inc.*, No. 10 Civ. 3167, 2011 WL 4091468, at *5-6 (S.D.N.Y. Sept. 14, 2011)). Failure to sufficiently allege actual damages should result in dismissal of the complaint. *See id.*

Here, plaintiff claims that as a result of Client Services' acquisition of plaintiff's Experian credit report, plaintiff suffered damages including a loss of credit and higher car insurance premiums. Amended Complaint at ¶ 27. These allegations on their own, however, do not demonstrate actual damages because they are insufficient to infer that the alleged FCRA violation caused the credit score reduction or higher car insurance premiums. Plaintiff could have demonstrated these damages by alleging his credit score and insurance premiums prior to and a following the alleged FCRA violation. However, as they stand the facts are plainly insufficient to reasonably presume that Client Services cased any actual damages. Therefore, without the actual damages element, plaintiff's claim under section 15 U.S.C. § 1681o of the FCRA cannot stand and should be dismissed as a matter of law.

Again, the plaintiff did nothing to remedy the defects in the initial complaint, as ordered by Chief Judge Loretta A. Preska in her order dated August 7, 2012—as noted by this court during the February 28, 2013 pre motion conference.

## **CONCLUSION**

For the foregoing reasons, this court should issue an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Amended Complaint in its entirety with prejudice for failure to state a claim upon which relief can be granted, and granting such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
April 1, 2013

                                          Respectfully submitted,

                                          **MILBER MAKRIS PLOUSADIS
                                            &amp; SEIDEN, LLP**

By: _____
     Gregory R. Saracino (GS-1020
*Attorneys for Defendant*
CLIENT SERVICES, INC.
3 Barker Avenue, 6th Floor
White Plains, New York 10601
(914) 681-8700
gsaracino@milbermakris.com

To:    Ahron Braun
       *Pro Se Plaintiff*
       4 Mountain Road Unit 205
       Monroe, NY 10950