UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHRON BRAUN,

              Plaintiff,

      -v-

CLIENT SERVICES INC.,

              Defendant.

Case No. 12-CV-5256 (KMK)

OPINION AND ORDER

Appearances:

Ahron Braun
Monroe, NY
*Pro Se Plaintiff*

Gregory Raymond Saracino, Esq.
Milber Makris Plousadis & Seiden, LLP
White Plains, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

        Plaintiff Ahron Braun ("Braun"), proceeding pro se, brings this Action against Defendant Client Services Inc. ("Client Services"), alleging that Defendant impermissibly accessed his credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Defendant moves to dismiss Plaintiff's First Amended Complaint. For the following reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

## I.  Background

### A.  Factual Background

        The following facts are taken from Plaintiff's Amended Complaint. For the purposes of Defendant's Motion, the Court must accept as true all allegations contained therein. At some

point, Plaintiff "received his Experian consumer credit report." (Am. Compl. (Dkt. No. 5) ¶ 7.) "Experian is a credit reporting agency." (*Id.* ¶ 18.)  Within his Experian credit report, Plaintiff "found entries by an entity" with which "he was unfamiliar . . . ." (*Id.* ¶ 7.)  "Plaintiff discovered after examination of his Experian credit report that the Defendant had obtained [it] on May 4, 2010." (*Id.* ¶ 8; *see also* Pl.'s Mem. & Opp'n to the Def.'s Mot. To Dismiss & Mem. of Law ("Opp'n") (Dkt. No. 16), Ex. A.)  Following this discovery, Plaintiff sent a letter to Defendant, requesting "proof as to what permissible purpose [Defendant] may have had in obtaining . . . Plaintiff's credit report," and in the absence of such proof, that "the inquiries on Plaintiff's credit report . . . be removed . . . ." (Am. Compl. ¶ 9; *see also* Opp'n, Ex. B.)  Plaintiff also "informed [Defendant] that Plaintiff never incurred any financial obligation with [Defendant]." (Am. Compl. ¶ 9; *see also* Opp'n, Ex. B.)

However, "Defendant failed to respond with any reason as to why, and where, [Defendant] may have had [a] permissible purpose to obtain . . . Plaintiff's consumer credit report." (Am. Compl. ¶ 10.)  Following Defendant's failure to respond, Plaintiff "mailed a dispute letter to Experian," not named as a defendant in this Action, in which Plaintiff "informed [Experian] that Plaintiff never gave permission for . . . Defendant to obtain his credit report and requested that Experian should verify and remove the erroneous inquiries from his credit file." (*Id.* ¶ 11; *see also* Opp'n, Ex. C.)  However, like Defendant, Experian also "failed to respond as to what permissible purpose . . . Defendant may have had to obtain Plaintiff's consumer credit report." (Am. Compl. ¶ 12.)  Plaintiff then "mailed a Notice of Pending Lawsuit to Defendant" on or about June 11, 2012, in "an effort to mitigate damages and reach a settlement" for what Plaintiff characterizes as Defendant's violation of the FCRA. (*Id.* ¶ 13.)  Plaintiff also sent Defendant this notice so that Defendant would "cease violating Federal and State law at

2

Plaintiff's expense" before Plaintiff took "civil action against" it.  (*Id.* ¶ 14.)  But "Defendant

failed to respond to Plaintiff's Notice."  (*Id.*)

Plaintiff alleges that he "has never had any signed contracts, business dealings, or any

accounts with, made application for credit from, made application for employment with, applied

for insurance from, or received a bona fide firm offer of credit from . . . Defendant," and that he

further "did not owe any debt, was not named as an 'authorized user' on any account, [and] did

not appl[y] for any license or other benefit" that could have provided Defendant with a

permissible purpose to obtain his credit report.  (*Id.* ¶ 22.)  Plaintiff emphasizes that Defendant

lacked a permissible purpose to access his credit report because "there was no account and/or

debt which gave it a permissible purpose to legitimately obtain" it.  (*Id.* ¶ 23; *see also id.* ¶ 34

("There was no account that . . . Defendant had any right to collect to have had [a] permissible

purpose to obtain Plaintiff's credit report . . . .").)  As a result of Defendant's alleged actions,

Plaintiff claims that he has "suffered damage by loss of credit, loss of the ability to purchase and

benefit from credit, and lowering of credit lines, and having to pay higher auto insurance

premiums."  (*Id.* ¶ 27.)

B.  Procedural Background

On July 2, 2012, Plaintiff filed a Complaint against Defendant.  (*See* Dkt. No. 2.)  On

August 7, 2012, Chief Judge Loretta A. Preska, to whom this case was originally assigned,

directed Plaintiff to file an Amended Complaint.  (*See* Dkt. No. 4.)  On August 27, 2012,

Plaintiff filed an Amended Complaint.  (*See* Dkt. No. 5.)  In his Amended Complaint, Plaintiff

claims that "Defendant willfully, intentionally, recklessly, and/or negligently violated the

provisions of the FCRA by using false pretenses or knowingly in obtaining . . . Plaintiff's

consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C.

§ 1681b(f)," (Am. Compl. ¶ 26); that "[w]ith no permissible purpose or Plaintiff's consent

Defendant's conduct constituted a willful and reckless action rendering [Defendant] liable for

actual, statutory, and even punitive damages [in] an amount to be determined by the Court

pursuant to 15 U.S.C. § 1681n(a)," (*id.* ¶ 28); that "[i]n the alternative, Defendant's conduct was

negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o," (*id.* ¶ 29); that "[t]he action of

Defendant obtaining the consumer credit report of . . . Plaintiff with no permissible purpose or

Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious

violation of Plaintiff's right to privacy," (*id.* ¶ 30); and that "Defendant had a duty under 15

U.S.C. § 1681s2(b) [sic] to properly ascertain if there was any legitimate permissible purpose

before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so,"

(*id.* ¶ 32).  On December 11, 2012, the Action was reassigned to this Court.  (*See* Dkt. No. 6.)

On April 1, 2013, Defendant filed its Motion to Dismiss, (*see* Dkt. Nos. 13–15), followed by

Plaintiff's Response on April 29, 2013, (*see* Dkt. Nos. 16–17), and Defendant's Reply on May

15, 2013, (*see* Dkt. No. 18).

## II.  Discussion

### A.  Standard of Review

#### 1.  Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) of

the Federal Rules of Civil Procedure.  "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds

of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

(2007) (citations, internal quotation marks, and alterations omitted).  Indeed, Rule 8 of the

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alterations omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.; see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *see also Nielsen v. Rabin*, — F.3d —, 2014 WL 552805, at *2 (2d Cir. Feb. 13, 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ."); *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a

dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (internal quotation marks and alterations omitted)).  Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T&M Prot. Res., Inc.*, — F. Supp. 2d —, 2014 WL 182341, at *1 n.1 (S.D.N.Y. Jan. 16, 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n ruling on a 12(b)(6) motion, . . . a court may consider the complaint[,] . . . any written instrument attached to the complaint as an exhibit[,] or any statements or documents incorporated in it by reference," as well as "matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (citation, internal quotation marks, and some alterations omitted); *see also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (internal quotation marks omitted)); *Hendrix v. City of New York*, No. 12-CV-5011, 2013 WL 6835168, at *2 (E.D.N.Y. Dec. 20, 2013) (same).

Because Plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, — F. Supp. 2d —, 2013 WL 5863561, at *2 (S.D.N.Y. Oct. 31, 2013) (internal quotation marks omitted); *see also Caidor v.*

*Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### 2. Fair Credit Reporting Act

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Neclerio v. Trans Union, LLC*, No. 11-CV-1317, 2013 WL 6052067, at *5 (D. Conn. Nov. 15, 2013) (internal quotation marks and alterations omitted) (quoting *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995)).  However, because "even consumer reporting agencies acting in complete good faith cannot prohibit illicit use of consumer information if users are not bound to obtain consumer reports only for permissible purposes," "the FCRA also extends to the conduct of parties who *request* credit information." *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) (internal quotation marks and alterations omitted); *see also Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*, 934 F. Supp. 53, 54 (E.D.N.Y. 1996) ("Although the bulk of the FCRA regulatory mechanisms monitor the conduct of credit reporting agencies, the provision invoked in the instant case is one designed to check the conduct of parties requesting credit information from credit reporting agencies."), *aff'd*, 113 F.3d 1229 (2d Cir. 1997).

In his Amended Complaint, Plaintiff references 15 U.S.C. §§ 1681b, 1681b(f), 1681n(a), and 1681o.  (*See* Am. Compl. ¶¶ 26, 28, 29, 30.)  Section 1681b generally specifies the circumstances under which a consumer report may be furnished and used.  *See* 15 U.S.C. § 1681b.  Section 1681b(f) prohibits a person from using or obtaining a consumer report for any purpose unless "(1) the consumer report is obtained for a purpose for which the consumer report

is authorized to be furnished under this section; and (2) the purpose is certified in accordance

with section 1681e of this title by a prospective user of the report through a general or specific

certification." *See id.* § 1681b(f).  Section 1681n(a) specifies the damages for which "[a]ny

person who willfully fails to comply with any requirement imposed under this subchapter with

respect to any consumer is liable to that consumer," *id.* § 1681n(a), while Section 1681o

specifies the same for a person's negligent failure to comply, *see id.* § 1681o(a).  In other words,

construing Plaintiff's allegations liberally, Plaintiff's Amended Complaint can be read as

alleging Defendant's willful, or, in the alternative, negligent, violation of Section 1681b(f).[1]

 "To state a claim for civil liability based on Section 1681b, a plaintiff must allege both

that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and

that the violation was willful or negligent." *Perl v. Am. Express*, Nos. 12-CV-4380, 12-CV-

---

[1] In his Amended Complaint, Plaintiff also makes reference to 15 U.S.C. § 1681s-2(b), writing that Defendant "had a duty under 15 U.S.C. § 1681s2(b) [sic] to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so."  (Am. Compl. ¶ 32.)  However, this statement is incorrect as a matter of law.  Section 1681s-2(b) relates to "[d]uties of furnishers of information upon notice of dispute," 15 U.S.C. § 1681s-2(b) (emphasis added), and therefore cannot have imposed a duty upon Defendant at the time Defendant accessed Plaintiff's credit information, which was before Plaintiff notified Defendant that there was "a dispute with regard to the completeness or accuracy of any information provided by [Defendant] to a consumer reporting agency," *id.* § 1681s-2(b)(1).  *See LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-9453*, 2013 WL 4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("[S]ection[] 1681s-2(b) . . . [does] provide for a private right of action against entities that furnish information to credit reporting agencies, but only if the furnisher fails to take appropriate action *after* receiving notice of a dispute with regard to the completeness or accuracy of any information provided to a consumer reporting agency." (emphasis added) (internal quotation marks and alterations omitted)); *Crawford v. Duncan*, No. 11-CV-3774, 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) ("Filing a dispute *triggers a duty* on the part of the furnisher to reasonably investigate and verify that the information is accurate." (emphasis added) (internal quotation marks omitted)).  As such, the Court does not construe Plaintiff's Amended Complaint to assert a cause of action under 15 U.S.C. § 1681s-2(b).  To the extent that Plaintiff seeks to assert such a cause of action, he should make that clear in any subsequent version of his Complaint that he may file.

4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted); *see also Betz v. Matte*, No. 12-CV-5946, 2013 WL 5603846, at *2 (E.D.N.Y. Oct. 10, 2013) (same); *King v. Equable Ascent Fin., LLC*, No. 12-CV-443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) ("[T]o state a claim for willful or negligent acquisition of a credit report under the FCRA, a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it; (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." (internal quotation marks omitted)); *Perez v. Portfolio Recovery Assocs., LLC*, No. 12-CV-1603, 2012 WL 5373448, at *2 (D.P.R. Oct. 30, 2012) ("To survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible purpose, and that their conduct was either willful or negligent."); *Farkash v. RJM Acquisitions Funding, Inc.*, Nos. 12-CV-735 et al., 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) ("To state a claim for civil liability based on Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." (citations omitted)); *Perl v. Plains Commerce Bank*, No. 11-CV-7972, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012) (same); *Perl v. Am. Express*, No. 11-CV-7374, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (same); *cf. Pietrafesa v. First Am. Real Estate Info. Servs., Inc.*, No. 05-CV-1450, 2007 WL 710197, at *3 (N.D.N.Y. Mar. 6, 2007) ("The fact that a consumer report is furnished for an impermissible purpose does not result in automatic liability.  Liability is imposed only when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e., § 1681 b [sic]." (internal quotation marks and alterations omitted)).

In regard to a plaintiff's obligation to allege that a defendant's violation was willful or negligent, various courts have held that, in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report.  Merely stating that the violation was "willful" or "negligent" is insufficient.  *Perl*, 2012 WL 2711270, at *2 ("While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner in both of the complaints. . . .  [The plaintiff] has failed to allege any facts related to Defendants' state of mind when they allegedly obtained his credit reports."); *Tauro v. Asset Acceptance*, No. 12-CV-418, 2012 WL 2359954, at *5 (W.D. Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Farkash*, 2012 WL 1948643, at *2–3 ("[The plaintiff] fails adequately to allege willfulness or negligence.  While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner . . . ."); *Perl*, 2012 WL 178333, at *2 ("While the plaintiffs assert that each defendant's FCRA violation was willful, they do so in a conclusory manner . . . ."); *Huertas v. U.S. Dep't of Educ.*, No. 08-CV-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) ("[A] plaintiff must allege, with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt.  In other words, the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff . . . ." (citations, internal quotation marks, and alterations omitted)); *cf. King v. MTA Bridges & Tunnels*, 933 F.

Supp. 220, 225 (E.D.N.Y. 1996) ("Even accepting that [the requesting defendant's] request . . .

was . . . not for [a permissible purpose] within the meaning of [the] FCRA, . . . plaintiff has

alleged nothing of even a conclusory nature to suggest that any of the [furnishing defendants]

had knowledge that [the requesting defendant's] request was made under 'false pretenses' so that

any failure to comply with [the] FCRA was willful.").

Moreover, a complaint alleging a claim for negligent violation of the FCRA under

§ 1681o must allege actual damages.  *See Morse v. USAA Fed. Sav. Bank*, No. 12-CV-381, 2012

WL 6020090, at *3 (D. Nev. Dec. 3, 2012) ("[A]ctual damages . . . are a required element" of a

claim for negligent violation of the FCRA); *Buechler v. Keyco, Inc.*, No. 09-CV-2948, 2010 WL

1664226, at *2 (D. Md. Apr. 22, 2010) ("[The plaintiff] [did] not allege actual damages; to

recover, he must prove that [the defendant's] violation of [the FCRA] was willful."); *cf. Zaun v.

Al Vento Inc.*, No. 11-CV-2024, 2013 WL 268930, at *1 (D. Minn. Jan. 24, 2013) (noting that a

complaint "was required" to allege that "[an FCRA] violation was willful . . . in light of the fact

that there were no actual damages suffered").  To do so, the Complaint need allege only enough

facts demonstrating that Plaintiff suffered an injury entitling him to actual damages.  *See Nowlin

v. Avis Budget Grp.*, No. 11-CV-511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011) ("[A]

[p]laintiff [alleging an FCRA claim] bears the burden of establishing that he is entitled to

damages.  To satisfy the *Iqbal* pleading standard, [a] [p]laintiff must allege facts that plausibly

suggest that he is entitled to damages." (citation omitted)), *adopted by* 2012 WL 204162

(M.D.N.C. Jan. 24, 2012); *Johnson v. CGR Servs., Inc.*, No. 04-CV-2587, 2005 WL 991770, at

*2 (N.D. Ill. Apr. 7, 2005) ("The FCRA does not explicitly limit the 'actual damages'

recoverable under the statute and [a] [p]laintiff does not need to plead her damages with

heightened particularity.  However, the Complaint needs at least to give the other party some

notice as to what her actual damages could possibly be.").

> B.  Analysis

In its Memorandum of Law, Defendant argues that Plaintiff's Amended Complaint

should be dismissed for three independent reasons: first, because the Complaint "fails to allege

facts to show that [D]efendant *willfully* violated the FCRA," (Def.'s Mem. of Law in Supp. of

Mot. To Dismiss ("Mem.") (Dkt. No. 15) 4); second, because the Complaint "fails to allege facts

to show that [d]efendant *negligently* violated the FCRA," (*id.* at 5); and, third, because the

Complaint "fails to allege facts to show that [Plaintiff] sustained actual damages," (*id.* at 6).  The

Court will address each of these arguments in turn.

> 1.  Willfulness

Defendant first argues that "Plaintiff's accusations that [Defendant] willfully violated the

FCRA are . . . conclusory and should be dismissed as a matter of law."  (*Id.* at 5.)  As discussed,

to state a claim under § 1681n, a plaintiff must allege that a defendant's violation of the FCRA

was willfull.  *See Perl*, 2012 WL 2711270, at *2; *Tauro*, 2012 WL 2359954, at *5; *Farkash*,

2012 WL 1948643, at *3; *Perl*, 2012 WL 178333, at *2–3; *Huertas*, 2009 WL 3165442, at *9.

With respect to willfulness, Plaintiff alleges only that "Defendant willfully, intentionally,

[and/or] recklessly . . . violated the provisions of the FCRA by using false pretenses or

knowingly in obtaining . . . Plaintiff's consumer credit report without a permissible purpose,"

(Am. Compl. ¶ 26); that "[w]ith no permissible purpose or Plaintiff's consent Defendant's

conduct constituted a willful and reckless action," (*id.* ¶ 28); and that "the action of Defendant

obtaining the consumer credit report of . . . Plaintiff with no permissible purpose or Plaintiff's

consent, was a willful violation of the FCRA," (*id.* ¶ 30).  These allegations are pleaded in

conclusory fashion, and amount to nothing more than a formulaic recitation of the elements of a

cause of action.  Plaintiff "alleges no facts that would establish that Defendant[] knew [it] had no

permissible purpose or recklessly disregarded [its] obligation to have a permissible purpose

under the law.  Based on the allegations in the [Amended Complaint], Defendant['s] conduct

could just as likely have been unintentional . . . ." *Farkash*, 2012 WL 1948643, at *3.

In her Order directing Plaintiff to amend his original Complaint, Chief Judge Preska

explained how Plaintiff's Complaint was deficient in relation to its allegations pertaining to

Defendant's supposed willfulness:

> To state a claim [for willful violation of] § 1681b of the FCRA, a plaintiff must
> allege both that the defendant used or obtained the plaintiff's credit report for an
> impermissible purpose, and that the violation was willful . . . .  [A] plaintiff must
> allege specific facts to satisfy the state-of-mind element.  In the Complaint, Plaintiff
> adequately alleges that his credit report was obtained for an impermissible
> purpose . . . , but he fails to allege sufficient facts to show that Defendant's actions
> were willful . . . .
>
> . . . .  [W]hile Plaintiff asserts that the Defendant's FCRA violation was willful, he
> does so in a conclusory manner and does not allege any facts related to the
> Defendant's state of mind when it allegedly obtained his credit report.  The only
> facts he asserts . . . do not include enough information to allow the Court to draw a
> reasonable inference that the alleged violation was willful or that Defendant knew
> that it had no permissible purpose or recklessly disregarded its obligation to have a
> permissible purpose under the law.

(Dkt. No. 4, at 2–3 (citations omitted).)  Plaintiff has still not remedied the deficiencies that

Chief Judge Preska identified.

### 2. Negligence

Defendant next argues that "the facts in the Amended Complaint are insufficient to infer

that [D]efendant was negligent because they are conclusory and lack specificity."  (Mem. 6.)

Plaintiff alleges that "Defendant . . . negligently violated the provisions of the FCRA . . . in

obtaining the Plaintiff's consumer credit report without a permissible purpose," (Am. Compl.

¶ 26), and that "Defendant's conduct was negligent," (*id.* ¶ 29).  Like his allegations as to

Defendant's supposed willfulness, these allegations are pleaded in conclusory fashion, and do

not constitute "facts from which the Court can infer that [Defendant] . . . should have known"

that it lacked a permissible purpose to access Plaintiff's credit report.  *Tauro*, 2012 WL 2359954,

at *5.

However,  Plaintiff also states that "Defendant had a duty under 15 U.S.C. § 1681s2(b)

[sic] to properly ascertain if there was any legitimate permissible purpose before obtaining

Plaintiff's credit report and Defendant breached said duty by failing to do so."  (Am. Compl.

¶ 32.)  As noted above, Plaintiff makes this claim under the wrong section of the FCRA.  Section

1681s-2(b) relates to "[d]uties of furnishers of information upon notice of dispute," 15 U.S.C.

§ 1681s-2(b) (emphasis added), and therefore cannot have imposed a duty upon Defendant at the

time that Defendant accessed Plaintiff's credit information, which Plaintiff alleges was before

Plaintiff notified Defendant that there was "a dispute with regard to the completeness or

accuracy of any information provided by [Defendant] to a consumer reporting agency," *id.*

§ 1681s-2(b)(1).  *See LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-9453, 2013 WL

4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("[S]ection[] 1681s-2(b) . . . [does] provide for a private

right of action against entities that furnish information to credit reporting agencies, but only if

the furnisher fails to take appropriate action *after* receiving notice of a dispute with regard to the

completeness or accuracy of any information provided to a consumer reporting agency."

(emphasis added) (internal quotation marks and alterations omitted)); *Crawford v. Duncan*, No.

11-CV-3774, 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) ("Filing a dispute *triggers a

duty* on the part of the furnisher to reasonably investigate and verify that the information is

accurate." (emphasis added) (internal quotation marks omitted)).  But given the Court's

14

obligation to construe Plaintiff's Amended Complaint liberally, the Court will construe these

allegations as relating to Plaintiff's claims under Section 1681b(f), not Section 1681s-2(b), a

context in which they make much more sense, and a context in which Plaintiff may have

intended to assert them.

In her Order directing Plaintiff to submit an Amended Complaint, Chief Judge Preska

cited *Clavizzao v. United States*, 706 F. Supp. 2d 342 (S.D.N.Y. 2009), where this Court

dismissed a claim for "failing to identify what duty [a defendant] owed [the plaintiffs]" and

"how [the defendant] breached that duty." *Id.* at 350.  Plaintiff submitted an Amended

Complaint, wherein he alleges that "Defendant had a duty . . . to properly ascertain if there was

any legitimate permissible purpose before obtaining Plaintiff's credit report," (Am. Compl.

¶ 32), and that "Defendant obtained [his] consumer credit report with no permissible purpose,"

(*id.* ¶ 23), and without his consent, (*id.* ¶ 24).  This is enough to allege that Defendants were

negligent.  *See Whitesides v. Equifax Credit Info. Servs., Inc.*, 125 F. Supp. 2d 813, 819 (W.D.

La. 2000) (noting that, to survive summary judgment on the state-of-mind issue, "it is not

necessary for the plaintiff to produce a 'smoking gun' or other form of definitive proof of the

defendant's [state of mind]" where "the trier of fact may deduce it from the surrounding

circumstance" (internal quotation marks omitted)); *cf. Safeco Ins. Co. of Am. v. Burr*, 551 U.S.

47, 69 (2007) (describing the "negligence/recklessness line" in FCRA as drawn between

behavior that is "merely careless" and behavior that is "substantially greater" than careless);

*IFCO Sys. N. Am., Inc. v. Am. Home Assurance Co.*, 797 F. Supp. 2d 660, 664 (D. Md. 2011)

("[N]egligence by definition is an unintentional tort."); *Conner v. Winslow*, No. 07-CV-218,

2009 WL 1549737, at *9 (C.D. Cal. June 1, 2009) ("[N]egligence is defined as an unintentional

careless act or omission."), *aff'd*, 384 F. App'x 557 (9th Cir. 2010).

3.  Actual Damages

Finally, Defendants argue that the Complaint fails to allege that Plaintiff sustained

"actual damages," which allegation is required to state a claim for a negligent violation of the

FCRA.  *See* 15 U.S.C. § 1681o; *Morse*, 2012 WL 6020090, at *3.  In his Amended Complaint,

Plaintiff alleges that, "[a]s a result of . . . Defendant's conduct, . . . Plaintiff suffered damage by

loss of credit, loss of the ability to purchase and benefit from credit, and lowering of credit lines,

and having to pay higher auto insurance premiums."  (Am. Compl. ¶ 27.)  This is enough to

satisfy Plaintiff's burden to allege actual damages.  *See Gorman v. Wolpoff & Abramson, LLP*,

584 F.3d 1147, 1174 (9th Cir. 2009) (holding that the plaintiff's "evidence that he was refused

credit or offered higher than advertised interest rates" and his claim "that he had to borrow

money at inflated interest rates" were "sufficient to establish . . . damages" in an FCRA claim);

*Shaunfield v. Experian Info. Solutions, Inc.*, — F. Supp. 2d —, 2014 WL 103703, at *5 (N.D.

Tex. Jan. 9, 2014) (holding that allegations that the plaintiff "was denied credit (including a

mortgage refinance), was forced to pay a much higher interest rate for the credit he could secure,

and had difficulty obtaining insurance and employment," were sufficient to "raise a reasonable

inference . . . that [the p]laintiff suffered actual damages" (alteration and internal quotation

marks omitted)); *Edeh v. Equifax Info. Servs., LLC*, — F. Supp. 2d —, 2013 WL 5357755, at

*16 (D. Minn. Sept. 24, 2013) ("A denial of credit or higher interest rates resulting from [an]

error on a credit report can constitute actual damages under the FCRA."); *Carvalho v. Equifax*

*Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1095 (N.D. Cal. 2008) (listing examples of "actual

damages," including "damages caused by . . . injury to reputation or creditworthiness"), *aff'd*,

629 F.3d 876 (9th Cir. 2010).

III.  Conclusion

The Court is cognizant that "[t]he Second Circuit, as a general matter, is solicitous of *pro se* litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice." *Watson v. Geithner*, No. 11-CV-9527, 2013 WL 5441748, at *2 n.1 (S.D.N.Y. Sept. 27, 2013).  Pro se litigants are "ordinarily afforded" "special solicitude," which "takes a variety of forms," including "relaxation of the limitations on the amendment of pleadings . . . ." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  But "[i]n some circumstances, such as when a particular *pro se* litigant is familiar with the procedural setting as a result of prior experience, . . . it falls well within a district court's discretion to lessen the solicitude that would normally be afforded." *Id.* at 102.  Although the Court has been particularly solicitous of Plaintiff to date, this is a case in which the Court would be well within its rights to limit such solicitude, as Plaintiff has filed at least three other similar actions under the FCRA in the Southern District of New York in the past several years. *See Braun v. NCO Fin. Sys., Inc.*, No. 12-CV-8927 (S.D.N.Y. filed Dec. 6, 2012); *Braun v. United Recovery Sys., LP*, No. 12-CV-4687 (S.D.N.Y. filed June 12, 2012); *Braun v. Encore Receivable Mgmt., Inc.*, No. 12-CV-4384 (S.D.N.Y. filed June 4, 2012).

Given Plaintiff's familiarity with this procedural setting, and given that Plaintiff has already been provided with an opportunity to correct some of the deficiencies identified in this Opinion once before, but failed to do so, Plaintiff will be afforded one last opportunity to amend his Complaint.  Plaintiff is reminded that, regardless of his pro se status, he is required to have a good-faith basis for any allegations that he may choose to make. *See Dumont v. United States*, No. 13-CV-0873, 2013 WL 6240468, at *12 (N.D.N.Y. Dec. 3, 2013) ("Plaintiff is . . . warned that he is not protected from Rule 11 sanctions merely because he appears pro se."); *Mac Truong*

*v. Hung Thi Nguyen*, No. 10-CV-386, 2013 WL 4505190, at *3 (S.D.N.Y. Aug. 22, 2013) ("The

fact that a litigant appears pro se does not shield him from Rule 11 sanctions." (internal

quotation marks omitted)); *Wik v. Kunego*, No. 11-CV-6205, 2013 WL 6073633, at *2

(W.D.N.Y. July 15, 2013) ("Plaintiff is a *pro se* litigant who has brought several actions in this

Court over the past several years, and who should therefore be familiar with Rule 11 of the

Federal Rules of Civil Procedure.  Plaintiff is hereby cautioned . . . that if he continues to file

frivolous applications he may be sanctioned pursuant to Rule 11 . . . .  Such sanctions may

include monetary penalties and the dismissal of his actions with prejudice, as the Court, in its

discretion, may deem necessary to deter such frivolous and vexatious conduct." (quoting

previous court order)).

     For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied

in part.  Plaintiff's claim that Defendant willfully violated Section 1681b(f) is dismissed without

prejudice, while Plaintiff's claim that Defendant negligently violated Section 1681b(f) survives,

for the time being.  Plaintiff may file a Second Amended Complaint within 30 days of the

issuance of this Opinion, which Complaint may address the deficiencies that the Court has identified. Should Plaintiff fail to do so, his claim that Defendant willfully violated Section 1681b(f) will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Should Plaintiff file a Second Amended Complaint, Defendant will have 20 days either to answer or to submit a premotion letter. The Clerk is respectfully directed to terminate the pending Motion. (*See* Dkt. No. 13.)

SO ORDERED.

Dated:      March 31, 2014
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE